## In the Matter of Arthur McGoldrick, Respondent, *v*. William C. Traphagen, Executor, etc., Appellant.

Upon a reference under the statute of an account against an estate for horse-shoeing, the claimant, to prove his account, offered his ledger, which was received in evidence. It appeared that the items of work done were first entered at the time upon a ·slate, generally by claimant, who superintended the work and attended in part to the shoeing himself, and made the entries save when occasionally absent. These entries were correctly transferred by his book-keeper nearly every day to a day-book, and from thence to the ledger. No prices were entered until the charges were carried to the ledger, then the claimant fixed the prices ; general evidence was also given that the work was done by the claimant and his workmen. The ledger showed a credit for moneys paid by defendant's testator. There was no contradictory evidence as to the correctness of the amount or as to the work done. Aside from the book-keeper who transferred the accounts, the claimant kept no clerk. Several witnesses also testified that they had settled their accounts with the claimant and found them honest and correct, but they had never seen the books ; they settled from bills which were proved to have been correctly copied from the books. The claimant's book-keeper also testified that he settled his own accounts by the books, and to the best of his knowledge the claimant kept honest books. *Held*, that the ledger could be regarded as a book of original entries, and was properly received in evidence ; and that the book-keeper was a competent witness to prove the correctness of the books.

The rule excluding books of account kept by a party who keeps a clerk applies only where there is an employe who has something to do with and has knowledge generally of the business of his employer as to goods sold or work done, so that he can testify on the subject; one whose business is simply to keep the books is not a clerk within its meaning.

(Argued March 2, 1882; decided March 14, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 28, 1881, which affirmed a judgment in favor of plaintiff, entered upon an order confirming the report of a referee.

This was a reference under the statute of a disputed claim against an estate.

The claim was an account for work, etc., in shoeing horses for defendant's testator. To prove the account the claimant

offered his ledger in evidence, which was received under objection and exception. The evidence in relation thereto is substantially stated in the opinion.

*Charles Matthews* for appellant. The referee erred in admitting the ledger of the claimant in evidence. (*Vosberg* v. *Thayer*, 12 Johns. 461; *Hartman* v. *Catlin*, 1 E. D. Smith, 729; *Foster* v. *Coleman*, id. 85; *Price* v. *Torrington*, 1 Smith's Lead. Cas. 294; *Keddington* v. *Gilman*, 1 Bosw. 235.)

*John M. Martin* for respondent. The claimant's books were admissible as evidence for what they were worth. (*Vosburgh* v. *Thayer*, 12 Johns. 461.) Books kept wholly by book-keepers who could not remember any thing about their entries, except that they were made in the usual course of business, are admissible. (*B'k of Geneva* v. *Culver*, 2 Hill, 531; *Merrill et al.* v. *The Ithaca & O. R. R. Co.*, 16 Wend. 536; 3 Keyes, 139; *Stroud* v. *Tilton*, 4 Abb. Ct. of App. Dec. 324; *Sickles* v. *Mather*, 20 Wend. 72; *Davidson* v. *Powell*, 16 How. 467; *Krom* v. *Levy*, 3 T. & C. 704; *S. C.*, 1 Hun, 171; 47 How. Pr. 97; *Breinig* v. *Matzler*, 23 Penn. St. 156; *Ewart* v. *Merrill*, 5 Harr. [Del.] 126; *Baily* v. *Barnelly*, 23 Ga. 528; *Faxon* v. *Hollis*, 13 Mass. 427; *Karr* v. *Stephens*, 24 Iowa, 123.) The practice of entering the items on a slate or on separate pieces of paper and afterward transferring them into a regular book does not affect the entries as evidence. (*Sickles* v. *Mather*, 20 Wend. 72; *Hill* v. *Scott*, 12 Penn. St. 168; 2 Wait's Pr. 447; *Wollenweber* v. *Kitterlinus*, 17 Penn. St. 389; *Pendelton* v. *Weed*, 3 E. D. Smith, 72.)

Miller, J. We think that there was no error committed by the admission of the ledger of the respondent as evidence. It was proved upon the trial that the work done by the respondent for the testator was first entered at the time upon a slate, generally by the respondent. The entries were then transferred by the book-keeper to a day-book about every day, and then to the ledger from the day-book. No prices for the work were

entered until the charges were carried out into the ledger and then the respondent fixed the prices and they were entered accordingly. The respondent testified that he directed the men in shoeing the horses and superintended the work generally, and attended in part to the shoeing of the horses himself, and they were shod from the date of the bills to the death of the testator. That he kept the account, entered the work when there except when occasionally absent, and then the foreman did it, and that the entries were correctly carried from the slate to the day-book, and from the day-book to the ledger. There was evidence that one of the book-keepers saw some work done and made some entries on the slate, and also testimony from other witnesses showing that the work had been done by the respondent and his workmen; the manner in which the account had been kept and the account showed a credit of $3,247 for moneys paid by the testator. There was no contradictory testimony as to the correctness of the amount; nor were any witnesses sworn for the defendant to contradict the evidence given as to the nature of the services rendered, or to prove that they were not rendered. It also appeared that the respondent kept no clerk who had any thing to do with his accounts or his business generally, but that he had a book-keeper who transferred the same as already stated. The accounts of the respondent were really kept by himself or under his immediate direction with the assistance of a book-keeper to transfer the original entries made from the slate to the day-book and from the day-book to the ledger. This was done under his superintendence, and by his direction expressly the prices were carried out. Until then the entries were imperfect and incomplete, and neither of the books contained all which was required to make complete entries showing the work done and the amount of the charges made for the same. There was no entry of the entire charge prior to the price being carried out. As it stood then the ledger contained but imperfect entries of the items with no prices, and when these prices were entered they were original entries of such prices. Neither the slate, the day-book nor the ledger was perfect of itself. As a book of original entries all of them

may be taken together, the ledger equally with the day-book may be regarded we think as a book of original entries. Without it there was no charge actually made in full showing any service rendered and the amount claimed. With it the charges made are complete, and the ledger contained the first original entry of them as an entirety. It was then competent evidence as a book of original entries unless there was a failure to comply with some other requirements of the law as to the admissibility of books of account as evidence. It is claimed that there was no proof that the respondent kept honest and correct books. Several witnesses testified that they had settled their accounts with the respondent and found them honest and correct, but had never seen the books.

The bills settled which were proved to have been copied from the books were introduced in evidence and the respondent's book-keepers testified that they were copied correctly from the books. One of them also swore that he had settled his own accounts with the respondent by his books and to the best of his knowledge he kept honest books and that he never heard any thing to the contrary. Although the evidence of those who had settled from copies from the books which were produced, does not strictly comply with the rule stated as to this portion of the proof, the evidence of the book-keeper who settled his accounts by the books supplied this defect, and he testified to all that was required within the authorities. The rule in regard to this subject is that the party shall prove by those who have dealt and settled with him that he keeps fair and honest accounts. ( *Vosburgh* v. *Thayer,* 12 Johns. 461.)

We do not discover any reason why a book-keeper who has an account with his employer is not a competent witness within the rule stated. He deals with the employer, has an account which he has settled from the books and ought to be able to state whether the accounts were honestly and fairly kept. The rule is a general one and no reason exists why it should be restricted in its operation so as to exclude any one who deals with the party. In *Hauptman* v. *Catlin* (1 E. D. S. [N. Y. C. P.] 729), it is laid down in the opinion of one of the judges that the correctness

of the books cannot be proved by persons in the employ of the party.    In this case one judge dissented, another judge did not concur in this view, and the case was disposed of upon other grounds.  No authority is cited which sustains the rule laid down in the opinion referred to, and I am unable to perceive any principle upon which it can be upheld.   The points of the appellant's counsel do not distinctly claim that either of the respondent's book-keepers who had charge of the books alone was a clerk within the meaning of that term, and within the rule applicable to this species of evidence.   Be that as it may, however, we think that the clerk intended was one who had something to do with and had knowledge generally of the business of his employer in reference to goods sold or work done, so that he could testify on that subject.   It evidently means an employe whose duty it is to attend to the details of business and thus is able to prove an account, and not one who from his isolated position as a book-keeper, can have but little means of knowledge personally as to the transactions done, or information relating thereto, except what is mainly derived from others. The latter position was that occupied by the book-keepers of the respondent, and they were in no sense clerks within the meaning of the law, as to evidence of this character.    The authorities are numerous which hold that books containing entries made by those whose duty it was to make them in the usual course of business are competent evidence when other requisites are sufficiently established. (*Bank of Monroe* v. *Culver*, 2 Hill. 531 ; *Merrill* v. *Ithaca and O. R. R. Co.*, 16 Wend. 586 ; *Krom* v. *Levy*, 3 T. & C. 704.) The ledger of the respondent was clearly admissible within the rule as to the admission of books of account as evidence. That they were transferred from a slate does not affect their admission as testimony. (*Sickles* v. *Mather*, 20 Wend. 72 ; *Faxon* v. *Hollis*, 13 Mass. 427.)

While the large account of the respondent should induce caution and close scrutiny the evidence should not be excluded when it is apparent that no rule of law has been violated.    It may be observed that there is considerable evidence in this case

to show that the demand of the respondent is honest and just, independent of the books.

The questions raised as to the admission of other evidence are without merit and do not require examination.

The judgment should be affirmed.

All concur, except FINCH and TRACY, JJ., dissenting, RAPALLO, J., absent.

Judgment affirmed.