LOUIS GRIESHEIMER, as Assignee, etc., Appellant, *v.* MOSES TANENBAUM et al., Respondents.

An account-book is only evidence of sales and dealings in the ordinary course of business, and not of a special contract under which a party claims to have paid a claim against him by crediting it upon an account he has against another party.

A party to a contract, the terms of which are in dispute, may not give in evidence his own statements, either oral or written, made subsequent to the contract in corroboration of his version of it.

(Argued February 6, 1891; decided March 3, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of October, 1889, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

This action was brought to recover the price of a bill of goods sold by plaintiff's assignors to the defendants. There was no question in relation to the price, amount or delivery of the goods. The only question was whether the goods were to be paid for in cash by the defendants, or by applying the price of them as a credit upon a bill for a larger amount which the defendants had against another firm, of which one of the plaintiff's assignors was a partner.

There was a plain contradiction between the oral testimony of the plaintiff's assignors and the defendants as to the existence of an agreement in respect to the mode of payment.

The defendants were allowed to introduce, as evidence to support their contention, an entry upon their ledger over an objection and exception by the plaintiff. The entry was upon a page of defendants' ledger, bearing their account with the firm of the third party (of which one of the plaintiff's assignors was a member), and was as follows: "August 29th, by Merchandise, Oct. 1–6–30 $2226.50." There was proof that there was an entry respecting this matter in pencil in a book of original entries. That book was not produced upon the trial, though its existence and probable whereabouts were proved. There was no proof that either of the assignors of plaintiff or that any of the members of the firm of the third party was present at the making of the entry in the book of

original entry or in the ledger of the defendants, or had ever seen or been informed of such entries.

The goods in question were received by the defendants about the 2d day of September, 1884. The evidence did not show when these entries were in fact made other than may be inferred from the entry itself. The evidence showed that the entry in the ledger was not a copy of the entry in the book of original entry.

The following is the opinion in full:

"We think the learned trial judge committed an error in the admission of the entry upon the defendants' ledger as evidence.

"There is and can be no pretence, it seems to me, that an entry in the ledger was admissible under the rule allowing the account-book of a party as evidence in his favor, for the reasons that the evidence in this case shows that the original entry was upon another book, and an account-book is only evidence of sales and dealings in the ordinary course of business, and not of special contracts of the character of the one in this case under which a party claims to have paid a claim against him by crediting such claim upon an account he has against another party. (*In re McGoldrick* v. *Traphagen*, 88 N. Y. 334.) Besides the evidence shows the entry in the ledger is not a copy of the entry in the book of original entry, but is a 'totalling' of it, whatever that may be. Nor is it suggested in the opinion of the learned General Term in affirming the judgment that the entry in the defendants' ledger was a part of the *res gestœ* between the parties to the action. Upon the contrary, it is assumed in the opinion of that court, that the entry was not a part of the *res gestœ*.

"But in that opinion the ruling of the trial court is approved upon the ground that the entry shows that 'the defendants did as they agreed and, in fact, did offset the price by crediting the third party's account with the purchase-price' of the goods in question. The question upon this appeal is, therefore, brought to this, whether a party to a contract, the terms of which are in dispute, may give in evidence his own statements, either oral or written, made subsequent to the contract in corroboration of his version of the contract?

"The question is not whether the defendants had performed the contract, but what the contract was, and as to the defendants' right to perform it in the manner pursued by them.

"The general rule is that such statements and entries are inadmissible for any purpose. There was no pretence that the defendants could not recollect the terms of the contract and so reference to contemporaneous memoranda might be resorted to to refresh a dull or defective memory. The rule in such case is limited to an original entry made by the witness at the time of the transaction. For the general rule and the exceptions to it see opinion of this court by Judge Bradley, 114 N. Y. 280, and the cases there cited.

"The entry in the ledger of defendants was not the book of original entry, nor made at the time of the transaction, nor made by the witness who testified in relation to it. It seems to me that it would be a somewhat novel, not to say dangerous rule of evidence, upon a trial to determine a dispute as to what the contract between the parties is, to allow one of the parties to testify that he had performed it in harmony with his testimony as a witness.

"But the case under consideration goes much further than that. It allows the party to show in corroboration of his testimony, flatly contradicted by the other party to the disputed contract, not the actual performance of the disputed contract, but a performance upon paper by an entry made subsequently to the contract by himself or under his direction, upon his own books, of the way and manner he intends or hopes to perform it; for the entry of a credit upon the books of one party in his accounts with another party is not the performance of a contract. It is the actual adjustment and settlement of the entry upon the book that can constitute performance. Until actual application and settlement, the entry upon the books of a party signifies nothing more than that party's understanding or wish as to the mode of performance.

"The settlement or the performance of the contract between the parties in this case required the assent of the plaintiff's assignors, and the assent of the third party who owed defendants, that the debt might be paid in this way and that the

third party thereby become the debtor to the plaintiff before the contract, as claimed by the defendants, could be performed.

"No such assent or action was shown, and the entry upon the defendants' books signifies nothing in the way of actual performance of the contract.

"I think the judgment should be reversed and a new trial granted, with costs to abide the event."

*Thomas Raines* for appellant.

*Theodore Bacon* for respondents.

POTTER, J., reads for reversal and new trial.

All concur, except BRADLEY, HAIGHT and BROWN, JJ., dissenting.

Judgment reversed. _____

CATHARINE B. PITT, as Administratrix, etc., Appellant, *v.* CHARLES KELLOGG, Respondent.

(Argued February 23, 1891; decided March 10, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 15, 1890, which affirmed an order setting aside a judgment in favor of plaintiff and granting a new trial.

*Horace Secor, Jr.*, for appellant.

*George H. Fletcher* for respondent.

Agree to dismiss appeal; no opinion.
All concur.
Appeal dismissed. _____

In the Matter of the Accounting of PHILIP R. UNDERHILL, as Administrator, etc., Respondent, ELIZABETH R. GUION, Appellant.

(Argued February 25, 1891; decided March 10, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which affirmed a decree of the surrogate