## YOUNG et al. v. LUCE.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. EVIDENCE—BOOKS OF ACCOUNT—TRANSACTIONS WITH DECEDENT.
    Code Civil Proc. § 829. providing that no party or person interested in a suit shall be examined as a witness against the personal representative of a deceased person, does not forbid the introduction of books of account against the representative.
2. SAME—ENTRIES BY CLERK.
    The fact that books of account are largely in the handwriting of a clerk does not affect their admissibility. Vosburgh v. Thayer, 12 Johns. 461, followed.

Appeal from judgment on report of referee.

Action by Dency J. Young and others, executors of Noah W. Young, deceased, against Hallock F. Luce. Judgment for defendant. Plaintiffs appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Payne & Benjamin, for appellants.
Geo. F. Stackpole, for appellee.

BARNARD, P. J. The action is brought to recover a balance due upon two notes held by Noah W. Young, in his lifetime, against the defend-

ant. The answer avers payment of the notes in full. The evidence showed that the defendant was a butcher, and had sold meat and other things to the deceased for some years before his death, and had a mutual account with the deceased. Proof was given that the account was in large measure in the handwriting of defendant's son, and that the defendant kept honest books of account. A great portion of the items on the bill were delivered by the defendant's son at the residence of deceased. The books of account were properly received in evidence. They were proven under the old rule in Vosburgh v. Thayer, 12 Johns. 461. The rule is not changed by § 829 of the Code.[1]

The books of a party can be proven against a deceased person. McGoldrick v. Traphagen, 88 N. Y. 334; West v. Van Tuyl, 119 N. Y. 620, 23 N. E. Rep. 450. The proof of payment of the notes was sufficient without the small balance due upon the books. The indorsements on the notes, with the payment of $250 by check, made September 20, 1883, not indorsed, would overpay the notes. The judgment should therefore be affirmed, with costs. All concur.

---

[1]This section provides that a party or person interested in an action shall not be examined as a witness in his own behalf or interest against the personal representative of a deceased person.