Irvin Van Wie and Another, Respondents, *v.* Edwin L. Loomis and Others, Appellants.

*" Time cards " — when properly received in evidence.*

Where entries on "time cards" were made by a witness in the ordinary course of business, the fact that such entries were in the first instance made upon slips of paper, which were afterwards destroyed, does not render the cards inadmissible in evidence.

Upon the trial of an action it was shown that the bookkeeper of the plaintiffs personally saw certain of their workmen each day and obtained from them their time and correctly entered it on certain " time cards;" such workmen testified that in each instance they gave the time correctly to such bookkeeper, and that they had no definite recollection of the amount thereof.

*Held,* that such "time cards" were properly received in evidence.

Appeal by the defendants, Edwin L. Loomis and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 3d day of May, 1893, upon the report of a referee, with notice of an intention to bring up for review on such appeal the rulings of the said referee upon the trial, his findings of fact and conclusions of law.

In the complaint it is alleged that the defendants are indebted to the plaintiffs in the sum of $509.40 for work, labor and services performed and materials furnished by the plaintiffs to and for the defendants at sundry times between the 10th of August, 1891, and the 10th of October, 1891, at the request of the defendants, in the construction and manufacture for them of a certain machine or device. The defendants Loomis and Miller set up in their answers, in substance, a general denial. The defendant Hess admitted that he ordered of the plaintiffs a machine, but alleges that the price was agreed upon at $150, and that it was not made according to instructions. The referee found that at the dates alleged the plaintiffs, at

the request of the three named defendants, performed services and furnished materials to the amount and value as alleged in the complaint and that there was no agreement as to the price.

*Charles S. Kent,* for the appellants.

*G. W. O'Brien,* for the respondents.

MERWIN, J. :

The main issue at the trial was whether the defendants Loomis and Miller participated with the defendant Hess in the ordering of the services and materials referred to in the complaint. There was evidence tending to show that they were interested with Hess in getting up the machine, and that it was made by plaintiffs at their request. A careful consideration of the evidence leads us to the conclusion that we cannot properly say that the finding of the referee on this subject is against the weight of the evidence. Nor can we say that the finding of the referee, that there was no agreement as to price, is not sustained by the evidence.

The appellants claim that the referee erred in the admission in evidence of certain time cards, upon which was entered the time that each workman spent each day upon the machine. Of these cards there were two classes, one of which, being the larger portion, consisted of those made by the foreman Rowling, and the other of those made by the bookkeeper Peet after Rowling left the employ of plaintiffs. Prior to the admission of those made by Rowling he testified that they were in his handwriting ; that he was the foreman of plaintiffs during the time covered by the cards, and that it was a part of his duty to keep the time of the workmen as well as his own, and he allotted to each man his work upon this and other jobs ; that when he gave a workman a piece of work to do, or commenced a piece of work himself, he noted on a slip of paper kept for that purpose the time the work was commenced, and when the work was ended he noted the time on the same slip, keeping a separate slip of paper for each man for each day ; that on the following day, before nine o'clock in the morning, he transcribed the time from these slips on to the cards in question, and then destroyed the slips ; that the time as entered by him on the slips was correct, and was by him correctly transcribed upon the cards ; that he could not

tell the time that he or any of the men spent on this particular job or any particular day, except from what he saw on the cards.

Upon this state of facts the cards were admissible in evidence within the rule laid down in *Mayor, etc.,* v. *Second Ave. R. R. Co.* (102 N. Y. 573). They were made by the witness in the ordinary course of the business, and the fact that the entries were in the first instance made on slips of paper, which were afterward destroyed, would not render the cards inadmissible, any more than in case of the first entries being upon a slate. (*In the Matter of McGoldrick* v. *Traphagen*, 88 N. Y. 334, 338.) The cards were delivered by the foreman to the bookkeeper and the entries then carried, correctly, as the bookkeeper swears, to the day book and ledger, and the proper prices carried out. The day book and ledger were put in evidence as to such entries, and no point seems to be now made as to the admissibility of the books.

It is suggested that the witness did not testify that after looking at the cards he had no recollection of the facts there stated. The purport of his evidence was, however, very clearly to that effect, and no specific objection was taken on that ground. It is also suggested that the witness could not, by reason of occasional absences from the workshop, speak of his own knowledge as to the exact time the workmen were engaged in all cases. Whatever uncertainty there was on this subject appeared in the cross-examination of the witness after the admission in evidence of the cards. No motion was made to strike out his evidence. Failure to raise the question by specific objection was, in a case somewhat similar, deemed important in the case above cited from 102 N. Y., at page 582. The ruling, when made, was proper, and no further ruling on the subject being asked, it became a question of fact whether, upon the evidence of the witness, and all the other evidence in the case, the amount of time as charged was sufficiently proved. The conclusion of the referee on this subject should not be disturbed. In the class of cards made by the bookkeeper it was shown that she personally, each day, saw the workmen and obtained from them their time, and correctly entered it on the cards. The workmen also were sworn, and testified that in each instance they gave the time correctly to the bookkeeper, and, in substance, that they had no definite recollec-

tion themselves of the amount. These cards were in the same form as the others, but there were no preliminary slips. We think they were properly admitted in evidence.

There is no other question in the case that need be considered. It follows that the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.