### VAN WIE et al. v. LOOMIS et al.

(Supreme Court, General Term, Fourth Department. May 18, 1894.)

EVIDENCE—MEMORANDA.

In action for work done, the time cards of plaintiff's workmen are admissible, where the foreman who made them states that it was a part of his duty; that each day he noted the time of each man on a slip of paper, and on the next morning transcribed the time from the slips to the time cards, and destroyed the slips; and that the time entered on the slips was correct, and was correctly transcribed on the cards.

Appeal from judgment on report of referee.

Action by Irvin Van Wie and another against Edwin L. Loomis and others. A judgment was entered on May 3, 1893, in favor of plaintiff for $509.40 and interest from October 10, 1891, besides costs, and defendants appeal. Affirmed.

In the complaint it is alleged that the defendants are indebted to the plaintiffs in the sum of $509.40 for work, labor, and services performed and materials furnished by the plaintiffs to and for the defendants at sundry times between the 10th August, 1891, and the 10th October, 1891, at the request of the defendants, in the construction and manufacture for them of a certain machine or device. The defendants Loomis and Miller put in, in substance, a general denial. The defendant Hess admits that he ordered of the plaintiffs a machine, but alleges that the price was agreed to be $150, and that it was not made according to instructions. The referee finds that at the dates alleged the plaintiffs, at the request of the three named defendants, performed services and furnished materials to the amount and value as alleged in the complaint, and that there was no agreement as to the price.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Charles S. Kent, for appellants.

G. W. O'Brien, for respondents.

MERWIN, J. The main issue at the trial was whether the defendants Loomis and Miller participated with Hess in the ordering of the services and materials referred to in the complaint. There was evidence tending to show that they were interested with Hess in getting up the machine, and that it was made by plaintiffs at their request. A careful consideration of the evidence leads us to the conclusion that we cannot properly say that the finding of the referee on this subject is against the weight of the evidence. Nor can we say that the finding of the referee that there was no agreement as to price is not sustained by the evidence.

The appellants claim that the referee erred in the admission in evidence of certain time cards, upon which was entered the time

that each workman spent each day upon the machine. Of these cards there were two classes, one of which—being the larger portion —consisted of those made by the foreman, Rowling, and the other of those made by the bookkeeper, Peet, after Rowling left the employ of plaintiffs. Prior to the admission of those made by Rowling, he testified that they were in his handwriting; that he was the foreman of plaintiffs during the time covered by the cards, and that it was a part of his duty to keep the time of the workmen as well as his own, and he allotted to each man his work upon this and other jobs; that when he gave a workman a piece of work to do, or commenced a piece of work himself, he noted on a slip of paper, kept for that purpose, the time the work was commenced, and when the work was ended he noted the time on the same slip, keeping a separate slip of paper for each man for each day; that on the following day, before 9 o'clock in the morning, he transcribed the time from these slips onto the cards in question, and then destroyed the slips; that the time as entered by him on the slips was correct, and was by him correctly transcribed upon the cards; that he could not tell the time that he or any of the men spent on this particular job, or any particular day, only from what he saw on the cards. Upon this state of facts the cards were admissible in evidence, within the rule laid down in Mayor, etc., v. Second Ave. R. Co., 102 N. Y. 573, 7 N. E. 905. They were made by the witness in the ordinary course of the business, and the fact that the entries were, in the first instance, made on slips of paper, which were afterwards destroyed, would not render the cards inadmissible any more than in case of the first entries being upon a slate. McGoldrick v. Traphagen, 88 N. Y. 334, 338. The cards were delivered by the foreman to the bookkeeper, and the entries then carried—correctly, as the bookkeeper swears— to the day book and ledger, and the proper prices carried out. The day book and ledger were put in evidence as to such entries, and no point seems to be now made as to the admissibility of the books. It is suggested that the witness did not testify that, after looking at the cards, he had no recollection of the facts there stated. The purport of his evidence was, however, very clearly to that effect, and no specific objection was taken on that ground. It is also suggested that the witness could not, by reason of occasional absences from the workshop, speak of his own knowledge as to the exact time the workmen were engaged in all cases. Whatever uncertainty there was on this subject appeared in the cross-examination of the witness after the admission in evidence of the cards. No motion was made to strike out. Failure to raise the question by specific objection was, in a case somewhat similar, deemed important in the case above cited from 102 N. Y., at page 582, and 7 N. E. 905. The ruling, when made, was proper, and, no further ruling on the subject being asked, it became a question of fact whether, upon the evidence of the witness, and all the other evidence in the case, the amount of time as charged was sufficiently proved. The conclusion of the referee on this subject should not be disturbed. In the class of cards made by the bookkeeper it was shown that she personally each day saw the workmen, and obtained from them their time, and correctly entered

it on the cards. The workmen also were sworn, and testified that in each instance they gave the time correctly to the bookkeeper, and, in substance, that they had no definite recollection themselves of the amount. These cards were in the same form as the others, but there were no preliminary slips. We think they were properly admitted in evidence. There is no other question in the case that need be considered. It follows that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.