(13 App. Div. 207.)

### SMITH v. SMITH.

(Supreme Court, Appellate Division, Second Department. January 19, 1897.)

1. EVIDENCE—BOOKS OF ACCOUNT—PARTY HAVING CLERK.
    Plaintiff's wife is not a clerk, within the rule excluding a party's books of account if he kept a clerk during the time of the dealings which are the subject of the action, where she merely transcribes the items from sales slips into the books under plaintiff's direction.

2. WITNESS—COMPETENCY—PRELIMINARY PROOF OF BOOKS OF ACCOUNT.
    An employé of one of plaintiff's customers is competent to testify that he has always found plaintiff's accounts correct, where he has ordered merchandise from plaintiff for his employer, kept an account of the orders, and settled the bill, though he had no dealings with plaintiff on his own account.

3. EVIDENCE—BOOKS OF ACCOUNT—PRELIMINARY PROOF.
    There is sufficient evidence that plaintiff's books were fairly and honestly kept to make them admissible in evidence where an employé of a customer testifies that, on behalf of his employer, he has dealt with plaintiff, and settled from plaintiff's books of account, which he always found correct, and a customer testifies to the same effect, though he says that in making payments he relied on plaintiff's honesty rather than his own recollection.

43 N.Y.S.—17

Appeal from judgment on report of referee.

Action by William F. Smith against Alonzo E. Smith to recover a balance due for goods sold and delivered. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Elliott J. Smith, for appellant.
Timothy M. Griffing, for respondent.

HATCH, J. This action was brought to recover a balance of an account due for coal and fish furnished by the plaintiff to the defendant upon the latter's request. The items of the account were disputed by the defendant, and upon this point the evidence of the parties was in conflict. This condition presented a disputed question of fact for the referee's determination, and his decision thereon is conclusive upon this court. The main reliance of the defendant upon this appeal is that the books containing the account were improperly admitted in evidence. The coal, which furnished the bulk of the bill, was weighed at the scales by plaintiff, and the quantity entered upon a slip of paper at the time. Subsequently the item was transcribed by plaintiff's wife, under his direction, into the book kept by him. Plaintiff and his wife both testified that the items thus entered were correctly entered, and correctly represented the transaction. There was also some testimony independent of the plaintiff's to show that in fact coal was delivered by the plaintiff to the defendant, and that some was delivered is undisputed by the defendant. The relation sustained by plaintiff's wife to the transaction did not constitute her a clerk, within the rule established by the decisions. Atwood v. Barney, 80 Hun, 1, 29 N. Y. Supp. 810; Taggart v. Fox, 11 Daly, 159.

The defendant's main contention, however, is that no foundation was laid for the admission of the books in evidence, as there was no competent testimony to show that the plaintiff kept fair and honest accounts by any persons who had settled with him. The plaintiff called two witnesses upon this subject. Mr. Havens testified that he had settled with the plaintiff by his books yearly for eight or ten years; had always found the books correct, to the best of his knowledge. On cross-examination he testified to the extent of his dealings, and stated that the only reason he knew the accounts were correct was because he had confidence in plaintiff, and paid what he asked. Being re-examined, he said he remembered what he ordered, and paid for what he believed was right; but that he relied upon his honesty, and not witness' recollection. Mr. Hallock testified that he had dealt with the plaintiff, bought coal upon credit, and settled with him according to his books and according to his own four or five times, and always found them correct. It appeared on cross-examination that this witness was bookkeeper for the firm of Bishop & Hallock, the junior member of the firm being the father of the witness; that his father ordered most of the goods charged, and that the account was not against the witness personally. We think the

latter was competent to testify upon the subject.   While the charge was not against the witness personally, yet he had knowledge of some of the items, and kept an account.   The settlement was made from plaintiff's books and books kept by the witness, as we infer, of the same transaction.   The testimony, therefore, bore directly upon the subject of the correctness of the plaintiff's books, and witness' knowledge related to them, although the account was against another party.   We think that, in principle, the present case is brought within McGoldrick v. Traphagen, 88 N. Y. 334, and that the testimony in this respect was sufficient to authorize the reception of the books in evidence.   This case is clearly distinguishable from Beatty v. Clark, 44 Hun, 126.   In that case neither witness saw the books or settled therefrom.   The bills which were used in one case were not shown to have been copies from the books, and there was no evidence that the party kept correct books.   Respecting any inaccuracies which were shown to have existed in the plaintiff's account, appearing in the books, it did not show conclusive reasons for the rejection of the books.   That matter became a question for the referee to determine to what extent he would regard the claim as established by the books.   This related to the weight of the testimony, not its competency.

We have examined the other questions raised by appellant, and find no error or merit therein.   The judgment should be affirmed, with costs.   All concur.