## UNITED STATES PAPER CO. v. GRUHN.

(Supreme Court, Appellate Term. February 23, 1904.)

1. SALE—ACTION FOR PRICE—EVIDENCE—BILL OF PARTICULARS.

In an action for the price of goods sold, the bill of particulars is not admissible to show the price, on evidence merely that the price had been agreed on before the goods were delivered.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the United States Paper Company against Samuel Gruhn. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Charles I. Taylor, for appellant.

Charles Firestone, for respondent.

FREEDMAN, P. J.   The plaintiff sued for goods sold and delivered and recovered a judgment.   A bill of particulars of plaintiff's claim was filed.   Upon the trial the president of the plaintiff testified that the goods mentioned in the bill of particulars had been delivered at the request of the defendant or his father, and that before the goods had been delivered the price had been agreed upon.   The bill of particulars was then offered and received in evidence over the defendant's objection and exception.   The same witness was also allowed to testify over objections that the total amount of the merchandise was the sum of $175.01, and that said amount was due the plaintiff.   This was all the evidence given in support of plaintiff's claim, and the same was clearly insufficient.   There was sufficient testimony in the case from which it could be said that the defendant had ordered goods from the plaintiff either in person or through his father acting as his agent, and had promised to pay therefor.   It was not shown, however, that the price stated in the bill of particulars received in evidence was the price the defendant agreed to pay, nor was there any foundation laid for the introduction of such bill in evidence.   The rule as to admission of written statements to prove sales is well settled, and the plaintiff failed to comply therewith.   McGoldrick v. Traphagen, 88 N. Y. 334;   The National Ulster Co. Bank v. Madden, 114 N. Y. 280, 21 N. E. 408, 11 Am. St. Rep. 633;   Griesheimer v. Tanenbaum, 124 N. Y. 650, 26 N. E. 957.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.