HURLEY et al. v. MACEY et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. APPEAL—REPORT OF REFEREES—EVIDENCE STRICKEN OUT—CONSIDERATION.
   On appeal from a judgment entered on a report of a referee, incompetent evidence admitted by the referee, but subsequently struck out and disregarded by him in deciding the case, is not to be considered in disposing of the appeal.

2. EVIDENCE—ACCOUNTS.
   In an action to recover for materials furnished and labor performed, where plaintiffs kept no clerk, but only a bookkeeper, and an account from plaintiffs' books was in the handwriting of such bookkeeper, he having testified that he made the entries correctly from the information given him by the workman who had immediate charge of the job and by plaintiffs, and several witnesses who had done business with plaintiffs having testified that on settling their accounts they always found them to be correct, settlements being made from copies of the accounts as contained in the books, the account was admissible in evidence.

3. ASSUMPSIT—WORK AND MATERIALS—EVIDENCE—SUFFICIENCY.
   In an action to recover a balance remaining unpaid for materials furnished and labor performed in a plumbing job, evidence held sufficient to sustain the referee's report for plaintiffs.

Appeal from Judgment on Report of Referee.

Action by Edward Hurley and James Stygall against George Macey and another, as executors of Naomi Van Bokkelen, deceased. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

George H. Wheeler and Martin Clark, for appellants.
George A. Davis and Charles F. Taber, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to recover the balance alleged to remain unpaid for materials furnished and labor performed in a plumbing job. The action was commenced against Naomi Van Bokkelen, for whom the

materials were furnished and the labor performed. She died three months after, and the action was continued against her personal representatives. The claim was for $7,524.63, less payments amounting in all to $4,500, leaving a balance of $3,024.63. This amount was allowed in full by the referee. The defendants denied everything alleged by the plaintiffs, and affirmatively alleged payment. The trial was an effort by plaintiffs, under the objections interposed by defendants, to make proof enough to form a basis for a report in their favor. The death of the defendants' testator rendered all evidence by the plaintiffs as to personal transactions or communications with her incompetent under section 829 of the Code of Civil Procedure. Considerable evidence was taken by the referee under this objection, which he believed to be competent when he permitted it to be given, but which he subsequently struck out upon motion of the defendants, and which was disregarded by him in deciding the case, and which we must not consider upon this appeal. Other evidence is claimed to have been improperly received and considered. The objections thereto we must pass upon. The defendants gave no evidence as to the amount they claimed was really unpaid upon the plaintiffs' claim. They simply relied upon their general denial, objected freely to the evidence offered by the plaintiffs, and now rely upon such objections for a reversal of the judgment. The question really for our determination is whether, by competent evidence, the plaintiffs established their right to recover the amount claimed by them and allowed by the referee.

The plaintiffs were engaged in business at Buffalo, N. Y. The deceased lived and owned some property at Niagara, on Lake Ontario. The work, labor, and materials were furnished and performed between September 28, 1900, and October 1, 1901. There was no contract for the work, and no prices of material or labor agreed upon, so far as appears in the case. There was apparently more or less talk between the plaintiffs and the deceased, but none of it could be proved under the objection founded on section 829 of the Code. The plaintiffs, by the witness Schank, who had the immediate charge of the job for them, proved in a general way the work and labor performed and materials used in the job, and that the deceased was about, and personally directed more or less of the work. There were some men whose time was kept by Schank down on the job, and by him reported to plaintiffs' place of business, and there were some men sent down by the plaintiffs from their place of business, and whose time was kept by plaintiffs themselves, and reported by them. The time of all these men came into the hands of the bookkeeper of plaintiffs, and was by him entered upon the books. All the materials furnished by the plaintiffs and used upon the job were reported to the bookkeeper, and were entered by him upon the books. And there was proof that all these items of time and materials were correctly reported and correctly entered. Schank could not remember the items of time in detail, and the plaintiffs could not remember the items of time or materials in detail. The timebook kept by Schank and reported to the bookkeeper, so far as it related to work on this job, was put in evidence for the purpose of showing that the bookkeeper entered the same correctly upon plaintiffs' books. The defendants also proved by cross-

examination of the plaintiff Stygall that he kept the time of the men sent down from plaintiffs' place of business and who worked on this job, and upon this he furnished the information to the bookkeeper. The plaintiffs kept no clerk, but only a bookkeeper, and, although he was sometimes referred to as a clerk, his only duties related to the keeping of the books, and the account received in evidence from plaintiffs' books was all in his handwriting, and he testified that he made the entries correctly from the information given him by Schank and the plaintiffs. There was evidence given in behalf of plaintiffs by several witnesses who had done business with the plaintiffs that they had settled their accounts, and had always found them to be correct. The settlements were usually made, not from the books themselves, but from statements of copies of the accounts as contained in the books. The bookkeeper also had had accounts with the plaintiffs, who had done business for him individually, and he had settled his accounts with them from the books themselves, and had always found the books correct. Upon this evidence the account with deceased relating to the job in question was admitted in evidence. This was permissible under the rule laid down in Vosburgh v. Thayer, 12 Johns. 461; McGoldrick v. Traphagen, 88 N. Y. 334; Smith v. Smith, 163 N. Y. 168, 57 N. E. 300, 52 L. R. A. 545. In McGoldrick v. Traphagen it appeared that the items of work done were first entered at the time upon a slate, generally by the claimant, who superintended the work, and attended in part to the shoeing himself, and made the entries, save when occasionally absent. These entries were correctly transferred by his bookkeeper nearly every day to a daybook, and from thence to the ledger. No prices were entered until the charges were carried to the ledger. Then the claimant fixed the prices. General evidence was also given that the work was done by the claimant and his workmen. The ledger showed a credit for moneys paid by the testator. There was no contradictory evidence as to the correctness of the amount or as to the work done. Aside from the bookkeeper who transferred the accounts, the claimant kept no clerk. Several witnesses testified that they had settled their accounts with the claimant, and found them honest and correct, but they had never seen the books. They settled from bills which were proved to have been correctly copied from the books. The claimant's bookkeeper testified that he settled his own accounts by the books, and to the best of his knowledge the claimant kept honest books. And it was held that the ledger could be regarded as a book of original entries, and was properly received in evidence, and that the bookkeeper was a competent witness to prove the correctness of the books, and that the rule excluding books of account kept by a party who keeps a clerk applies only where there is an employé who has something to do with, and who has knowledge generally of, the business of his employer as to goods sold and work done, so that he can testify on the subject. One whose business is simply to keep books is not a clerk within its meaning. That case meets the various objections to the plaintiffs' account against deceased given in evidence in this case, without further discussion by us.

The plaintiffs gave proof also tending to show that itemized statements of their account against deceased were prepared from time to

time as the work progressed, and were sent to her by mail, and no objection was ever made by her thereto. A letter was written to her also February 5, 1902, and sent by mail, stating that the amount owing by her was $3,024.63 (the amount for which judgment was rendered), and asking for an early settlement. This letter she made no reply to. Concededly there had been paid by her on account of the labor and materials furnished on the job $4,500. Besides the evidence already referred to, one witness was called, and gave evidence as to his opinion of the value of the labor and materials so furnished, to wit, $7,500 to $8,000. He had looked over most of the job, but as to a small part of it he testified from information as to the same received from others. Upon a motion to strike out this evidence as based in part upon information, and not wholly upon his own knowledge of the job, the referee did strike out the evidence so far as it was based upon information, allowing it to remain in the case only so far as the witness testified from his own personal knowledge. Some other evidence was given as to the value of portions of the job, and upon all the evidence so given the referee made the decision which was the basis of the judgment appealed from. We think the evidence was abundantly sufficient to authorize the decision, and that the judgment should not be disturbed upon the facts.

Nor do we think any other errors were committed with reference to the admission or striking out of evidence calling for a reversal of the judgment. The plaintiffs did the work and furnished the materials for this job, and ought to be paid any balance due them therefor. Upon the trial they struggled against the persistent objections of the defendants to make proof of the amount of their claim. The defendants, into whose possession the papers of the deceased must have come, did nothing to aid in the correct determination of such balance due the plaintiffs, produced no papers, gave no evidence as to the value of the work and materials, but relied solely upon their objections and exceptions. We think, after an extended examination of the record, that the evidence fairly disclosed the balance owing the plaintiffs, and that there is no good reason why the judgment should be reversed and a new trial ordered.

The judgment should therefore be affirmed, with costs. All concur.