### NEW YORK MOTOR CAR CO. v. GREENFIELD.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

1. EVIDENCE (§ 355*)—HEARSAY—TIME CARDS.

Where, in an action for services performed and material furnished in the repairing of an automobile, a witness stated that he constantly superintended the work and knew what material was furnished and labor performed, his further statement that before making entries on daily time cards each evening he would ask each workman the number of hours devoted to the work did not render such time cards inadmissible as founded on hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1444, 1484–1491; Dec. Dig. § 355.*]

2. EVIDENCE (§ 354*)—DOCUMENTARY EVIDENCE—ORIGINAL ENTRIES.

That the person who made the entries on the time cards offered in evidence first made an entry of the hours of labor in his time book and then transcribed same to the cards did not render the time cards inadmissible as books of original entry.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

Appeal from City Court of New York, Trial Term.

Action by the New York Motor Car Company against William B. Greenfield. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

David B. Cahn, of New York City (Ira Skutch, of New York City, of counsel), for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City (Joseph M. Baum and Max Horowitz, both of New York City, of counsel), for respondent.

BIJUR, J. This action was brought for work, labor, and services performed and materials furnished by plaintiff in the repair of defendant's automobile.

[1] In endeavoring to show the number of hours of labor devoted to the repair of the automobile and the materials furnished thereon, plaintiff called its former foreman who had been in charge of this work. He testified in substance that he could not remember the details without having his memory refreshed. A large number of daily time cards were then shown to him which he recollected that he had made out. These cards, which were signed by the witness, showed the materials furnished and the number of hours of labor which had been put into this repair work. The witness testified repeatedly on his direct and cross examination that he personally knew what materials had been furnished and what labor done, and that he had constantly superintended the work or was with the workmen when they did it. He also said that before making the entries he would each evening ask each workman the number of hours which he had devoted to the work. Basing his contention upon this last statement alone, which was evidently a statement by the witness of an additional precaution which he took to verify his knowledge, the respondent claims that the entries on the cards were founded on hearsay, and that the cards, therefore, were not rendered admissible. To this view we cannot assent without doing violence to the letter and spirit of the witness' testimony, which showed ample detailed knowledge of both the hours of labor applied and of the materials furnished.

[2] Respondent also claims that, as the witness testified that he first made an entry of the hours of labor in his time book which he then himself transcribed to these cards, these are not books of original entry. This contention is sustained by neither reason nor authority. See McGoldrick v. Traphagen, 88 N. Y. 334, 336.

I think that the testimony of the witness more than sufficiently established the admissibility of these cards as evidence; and, inasmuch as they were excluded and plaintiff's entire case was, and must necessarily be, based on them, the judgment is reversed and a new trial granted, with costs to appellant to abide the event. All concur.