WILLIAMS and others *vs.* C. & H. WALBRIDGE.

THIS was an action of assumpsit, tried at the Onondaga circuit in September, 1827, before the Hon. ENOS T. THROOP, then one of the circuit judges.

The defendants were sued as the endorsers of a promissory note for $450, drawn by the firm of John Rogers & Co. payable to the defendants. The firm of John Rogers & Co. consisted of two persons, viz. John Rogers and Thomas J. Field. Rogers was indebted *individually* to the plaintiffs in the sum of $452, he drew the note in question, signed the name of his firm to it, procured the endorsement of the defendants and delivered the note to the plaintiffs. The endorsement of the defendants was procured under an arrangement subsisting between them and the firm of John Rogers & Co. to endorse for each other. *Field*, the partner of Rogers, was not present when the note was made, and never consented to it; it did not appear that the plaintiffs knew that the note was made without his consent. On this state of facts the plaintiffs were nonsuited, who excepted to the decision of the judge. In the progress of the trial the judge decided that the defence set up was admissible under the general issue, and that Rogers was a competent witness to prove the defence, he having been released by the defendant; to which decisions, exceptions were also taken. A motion was now made to set aside the nonsuit.

*J. Watson & J. A. Spencer*, for plaintiffs. Rogers was an incompetent witness. The defendants cannot avail themselves of a defect in the making of the note; even had the signatures of the makers been a forgery, the defendants as endorsers would not be protected. In an action against an endorser, it is not necessary to prove even the making of the note. Although a partner of a firm may object that the name of the firm has been used without his knowledge or consent, in the making of a note for the individual debt of his

*Endorsers* of a note made in the name of a *firm* by a member thereof without the assent of his co-partner, and *passed by him* for his *individual* debt, are not liable for its payment. The burden of proof lies with the holder to shew that the several members of a firm assented to a note, in the name of a firm, where such note is taken for the private debt of one of the partners.

The defence that the note of a *firm* has been given by one partner for his individual debt, without the assent of his co-partner, is admisible under the general issue.

The maker of such note is a competent witness to prove the defence.

co-partner, the endorser cannot avail himself of such defence ; but if he can, he must plead or give notice of it, so as to apprise the holder. (5 Cowen, 709.)

*J. Wilkinson*, for defendants. Any matter which shews that the plaintiff never had a cause of action may be given in evidence under the general issue, and the defendants, standing in the character of sureties may avail themselves of the same defence that Field, the partner of Rogers, without whose consent the note was made, might have set up. (1 Chitty's Pl. 472. 13 Johns R. 56. 15 id. 230. 1 East, 48. 7 id. 210. 13 id. 175. 2 Caines, 246. 2 Johns. R. 300. 4 id. 251. id. 262. 19 id. 154. 1 Wendell, 119.) The case cited from 5 Cowen, 709, is a dictum of senator Colden, it is an *obiter* opinion, there was no point in the case calling for the opinion. The burden of proof, that the note was made with the consent of or ratified by the partner who did not make the note, is cast upon the holder. (19 Johns. R. 158.) Rogers was a competent witness. (5 Cowen, 23. id 153. 8 id. 108.)

*By the Court*, MARCY, J. The objection to Rogers as a witness cannot be sustained on the ground of interest. Even without the discharge, he would not, for that cause, have been an incompetent witness. This point was decided in the case of *Ridley* v. *Taylor* (13 East, 175.) But there is another objection raised against him, independent of his interest in the event of the suit. The rule of the civil law, that *nemo allegans suan turpitudinem est audiendus*, is supposed by the plaintiffs to apply to a person impeaching the validity of negotiable paper, to which he has given currency by being a party to it. So undoubtedly was the decision in the case of *Walton* v. *Shelly*, (1 T. R. 296,) which was adopted by this court in *Winton* v. *Saidler*, (3 Johns. C. 185.) and in other cases subsequently decided ; but this rule has been departed from in England, (7 T. R. 591,) and also in this state. (5 Cowen, 23. id. 153.) The true rule is that adopted in the latter case, viz. " That every person not interested in the event of the suit, nor incapacitated by his religious tenets, or by the conviction of an infamous crime, is a competent wit-

ness. All other circumstances affect his credit only." But there was sufficient evidence without the testimony of Rogers to warrant the decision of the judge; the nonsuit would not, therefore, be set aside, even if he had been improperly admitted. It appears from the case, independent of the testimony of Rogers, that the note was given for his individual debt.

ALBANY,
October, 1829.

Williams
v.
Walbridge.

The court of king's bench decided in the case of *Ridley* v. *Taylor*, above referred to, that if a partner gave the note of his firm for his individual debt, it should be presumed to be done with the assent of the firm until the contrary appeared. This court has given its express and repeated sanction to a different doctrine. If a creditor takes the note of a company for the private debt of one of the partners, it is for him to prove that the company assented to the giving of the note. (16 Johns. R. 38. 19 id. 158.) Although the English rule as applied to this case would seem to be the most reasonable, yet as a general rule, tested by its effect upon an entire class of cases, that which has been adopted by this court is probably most salutary in its operation; at all events we are bound to apply it to this case.

A question was made on the argument, whether the endorsers in this case could avail themselves of the same defence which would be allowed to the firm of John Rogers & Co. This point was expressly decided in favor of the defendants in the case of *Livingston* v. *Hastie and Patrick*, and *Livingston* v. *Tyrie*, (2 Caines' R. 246.) It was not questioned in the case of *Ridley* v. *Taylor*, but that the acceptor of a bill of exchange would have the same defence as the company whose name had been put to it by one of the partners for his private debt.

On the authority of a dictum of Colden, senator, in the case of *Smith* v. *Lasher*, (5 Cowen, 709,) it was urged that the defence here interposed cannot be received under the general issue. The decision of this point was not necessarily involved in that suit, and the incidental remark of Mr. Colden is not to be regarded as an adjudication of authoritative influence in this court. I think it is not in accordance with well

ALBANY,    established principles in relation to what is or is not admissible
           as a defence under the general issue.   Any defence that shews
Wardell    that the plaintiff never had a valid cause of action against the
   v.      defendant is admissible under the general issue.   Such was the
Hughes.    defence in this case.

                    Motion to set aside the nonsuit denied.