Corning v. Ashley.

CORNING vs. ASHLEY and another.

The party's own books of account are not admissible in evidence for him in an action for goods sold, where it is not shown that there had been any dealings between the parties beyond the sale of the goods for which the action was brought, and where that appeared to be a single transaction, embracing the sale of several articles at one time. To warrant the admission of books of account, it must appear that there had been regular dealings between the parties, and some of the items must be proved.

ERROR to the Onondaga common pleas, to review a judgment of that court affirming one rendered by a justice of the peace, against Corning, the plaintiff in error. The action was assumpsit for a bedstead and stand, alleged to have been sold by the plaintiffs to the defendant. It appeared that the plaintiffs were cabinet-makers, and that a few months before the trial, their apprentice had delivered these articles at a house in which it was said the defendant lived, and was told by some ladies whom he found there, to call upon the defendant for payment. It did not appear what relation these persons bore to the defendant. The plaintiffs produced their books of account, and proved that they did not keep a clerk, and showed

Corning v. Ashley.

oy the testimony of persons who had had dealings and settled with them, that they kept fair and honest accounts. The justice permitted the books to be given in evidence, overruling an objection to them by the defendant; and it appeared that the articles above mentioned were charged to the defendant at the sum of nine dollars. The justice rendered judgment for the. plaintiffs for the amount charged; which judgment was affirmed on *certiorari.*

*T. W. Loomis,* for the plaintiff in error.

*R. Raynor,* for the defendants in error.

*By the Court,* BEARDSLEY, J. The proof that the plaintiffs kept correct accounts was satisfactory, and not the slightest suspicion was in any way thrown upon their books. But they were objected to as evidence in the cause; and I am compelled to hold that this was not a case in which these books could be looked into as evidence of a sale, or of the value of the articles claimed to have been sold. But one transaction was in question, although two pieces of furniture were alleged to have been bought by the defendant. They were both, however, delivered at the same time; and there is no room to infer that if purchased at all by the defendant, they were bought at different times. Where there is but a single sale, although that may have included more than one article, books of account can never be received as evidence of that transaction, They are admissible where "regular dealings between the parties" is shown, some of the items being otherwise proved; and then only "from the necessity of the case, and the consideration that the party debited is shown to have reposed confidence, by dealing with and being intrusted by the other party." (*Vosburgh* v. *Thayer,* 12 *John.* 461; *Case* v. *Potter,* 8 *id.* 211; *Linnell* v. *Sutherland,* 11 *Wend.* 568.) These books should not have been received as evidence.

Judgments reversed.