## SUPREME COURT.

EDWARD B. COLLINS, respondent, agt. HENRY ROCKWOOD, appellant.

*Evidence — Under what circumstances memorandum admissible in — Justices court — Exceptions — no exception necessary in justices' court — when objection sufficiently definite.*

It is an indispensable preliminary to the introduction of a memorandum in evidence, that it should appear that the witness is unable, without the aid of the memoranda, to speak from memory as to the facts. It is only as auxiliary to, and not as a substitute for the oral testimony of the witness that the writing is admissible.

It is the duty of the court in all such cases, to see before receiving a memorandum in evidence that it was made at or about the time of the transaction to which it relates; that its accuracy is duly certified by the oath of the witnesses, and that there is necessity for its introduction on account of the inability of the witness to recollect the facts.

Where a witness has a distinct recollection of all the facts, independent
of the memorandum, the latter should not be admitted in evidence.

In reviewing justices' judgments, no exception to the ruling of the jus-
tice is necessary.

Where a book was offered in evidence and objected to as incompetent :
*Held,* that the objection was sufficiently definite.

*Fourth Department, General Term, June,* 1882.

*Before* Smith, *P. J.* ; Harding *and* Haight, *JJ.*

Appeal from a judgment of the county court of Oswego
county, reversing a judgment of a justice's court in that
county.

The action was brought to recover the purchase-price of
furs sold by plaintiff to defendant. The defense was a gen-
eral denial. The trial was had before a jury, and a verdict in
favor of the defendant.

*S. N. Dada,* for appellant.

*C. H. David,* for respondent.

Hardin, *J.*— Upon the trial the plaintiff testified that on
the 22d of December, 1876, he sold the defendant a muff
and boa for the price of ten dollars, and that the defendant
asked him to charge the same to him ; that he did so, and that
the defendant had never paid for them, and still was owing
plaintiff for them.

Upon his cross-examination plaintiff testified that he saw
the defendant in his store in the spring, in April, the latter
part, 1877, and he asked him for the amount of the purchase-
price of the furs, and that he dunned him again in the fall of
1877. That the defendant said he had a memorandum at
home, and he would go and see it.

The defendant was sworn as a witness in his own behalf,
and testified that he had bought the property spoken of by
the plaintiff, and that he paid the plaintiff April 21, 1877.
He said : "I paid him ten dollars ; I made a memorandum ;

this is the memorandum; subsequently Mr. Collins dunned me for the ten dollars; I think it was in January of the next year; he said, Mr. Rockwood, don't you know you owe me a little bill; I said, no, I don't know any such thing; he says, you do, I suppose you may have thought you had paid it; I said, I have paid it; I had it in my book at home; I went home and got the book; took it to him and he looked at it; this is the book and this is the memorandum."

[Book offered in evidence. Objected to. Incompetent. Objection overruled.]

Book is defendant's diary for 1877, under date of Saturday, April, twenty-first, in pencil, and reads: "Paid Collins for furs, ten dollars." Read and exhibited to jury. "There is no other entry of that date; I made it, the entry, that night or the next day; I made it before I went to New York; I went the next Tuesday; this was on Saturday." In his cross-examination the defendant said: "I have a good memory; I depend somewhat upon this diary; I would have known I had paid it if I hadn't had the book; remember distinctly my paying this money to Mr. Collins; I could not tell who was present, and I don't remember what kind of money; he had asked me for it; I had previously purchased of him oil cloth for my boat; I told him I knew what it was for; I was perfectly sure I had paid without looking at my memorandum; I went and got the memorandum; I said, Mr. Collins, here is the book; if it is there I have paid; I didn't look at the book after I talked with Collins, before I showed it to him, but I must have seen it; * * * I remember distinctly putting it there on the memorandum; I cannot swear that I remember the occasion of putting it down; I will swear I didn't put it down before it was paid; I might sometimes put down on a memorandum such as having a note due; I cannot swear as to the day or minute; I never do it with an account; I know it from my practice and from my memory." The county court reversed the judgment because the justice received the book in evidence.

In the argument of the counsel for the appellant it is insisted that as no exception was taken to the ruling of the justice, the plaintiff could not question the ruling. We do not understand that an exception is necessary in a justice's court (*Roe* agt. *Hanson*, 5 *Lans.*, 304).

No case holding that it is necessary to except has been cited, and it has long been assumed by court, in reviewing justice's judgments, that no such exception is necessary.

When the book was offered in evidence it was objected to on the ground that it was incompetent. That objection was overruled. It is now insisted that the objection was too general, and that it was not sufficiently definite. And that, therefore, there was no error in overruling the same.

We do not see how the objection could be made more definite, more pertinent, more pointed, more appropriate to challenge the attention of the court to the point raised by it.

We are therefore brought to inquire whether the book was competent evidence; and whether there was error in the ruling of the justices' court in admitting the same in evidence, and in permitting it to be read and exhibited to the jury.

It appears the entry was not made in the presence of the plaintiff. It does not appear that it was read over to him, and assented to by him. It is therefore an entry made in the absence of the plaintiff and without any assent to it by him. The case is therefore distinguishable from *Turner* agt. *Parshall* (3 *Keyes*, 432). In that case it was sought to recover the purchase-price upon the alleged sale of a horse; and the defense consisted of a denial of the purchase. The plaintiff claimed that after he had sold the horse he made an entry in his account book of the sale of the horse.

Upon the trial the judge allowed the entry to be read to the jury, and charged the jury that it was a circumstance tending to prove the alleged sale.

When the book was offered in evidence there was an offer to show that the entry was exhibited to the defendant, who admitted its accuracy. In that case judge NOXON said: " Nor

are we to decide whether the entry alone would have been competent." Here the offer to read the entry was accompanied by the offer also to prove that the entry was subsequently read to the defendant, and that he had admitted its correctness. That a statement to the plaintiff by the defendant, whether verbal or written, charging the latter with the purchase of a horse, at the agreed price of $500, which statement was then assented to by the defendant, is competent evidence against the latter, would seem to be too plain a proposition for discussion.

The offer as made was proved, and was corroborated by the defendant so far as that he admitted that the statement was read over to him.

He denied that he admitted its correctness or promised to pay it. And it was held there was no error in receiving the entry under such circumstances. That case differs from the one before us, because there was no proof of any assent to the entry by the plaintiff. On the contrary, the evidence tended to show that he at all times disputed the correctness of the entry, whenever it was referred to. The case before us seems to fall within the rule laid down in the opinion of judge SELDEN, in *Russell* agt. *The Hudson River Railroad Company* (17 *N. Y.*, 134), where he says : " It is, however, an indispensable preliminary to the introduction of such a memorandum in evidence that it should appear as in the case of *Halsey* agt. *Sinsebaugh*, that the witness is unable without the aid of the memoranda to speak from memory as to the facts. It is only as auxiliary to, and not as a substitute for the oral testimony of the witness, that the writing is admissible. It is the duty of the court in all such cases to see before receiving a memorandum in evidence, that it was made at or about the time of the transaction to which it relates, that its accuracy is duly certified by the oath of the witnesses, and that there is necessity for its introduction on account of the inability of the witness to recollect the facts." In referring to this case judge DENIO says, in *Gray* agt. *Mead* (22 *N. Y.*, 462) : " It

is not doubted, in the opinion of the court in that case, that the memorandum was one to which the rule applied, but a new trial was granted because it did not appear but that the witness had a perfect recollection of all the matters sought to be proved by the memorandum."

In *Marcley* agt. *Shults* (29 *N. Y.*, 346), the same rule is approved, and it was held that a memorandum was incompetent because, in the language of judge MULLIN, "It was not intimated by the witness that he did not remember the fact without reference to the memorandum." And at page 355 of the same case judge DENIO reaffirms the same rule.

In the case in hand, before the ruling was made by the justice the defendant had sworn positively, viz. : "I paid Mr. Collins April 21, 1877; I paid him ten dollars; I made a memorandum; this is the memorandum; * * * I said, "I have paid it;" I had it in my book at home; it is true this occurred after the ruling was made, and in the course of his cross-examination, that the witness said: "I have a good memory; I depend somewhat upon this diary." But he immediately adds: "I would have known I had paid it if I hadn't had the book; *I remember distinctly my paying this money to Mr. Collins*; * * * I was perfectly sure I had paid without looking at my memorandum." We find in the evidence before the ruling no intimation of a want of memory of the facts sought to be established by the book, and therefore no necessity to resort to the entry to establish the fact, or to aid and fortify a willing and positive memory, ready to state the fact absolutely, of the payment of the ten dollars. We must therefore say, in the language of judge SELDEN, in *Russell* agt. *The Hudson River River Railroad Company* (*supra*): "In the present case, for aught that appears, the witness had a distinct recollection of all the facts, independent of the memorandum. The latter was therefore improperly admitted" (*See also Corning* agt. *Ashley*, 4 *Denio*, 354; *Peck* agt. *Von Killen*, 76 *N. Y.*, 604; *Dun* agt. *James*, 62 *How.*, 307). It is sug-

gested in behalf of the appellant that no harm could come from the erroneous reception from the book in evidence. We cannot agree to that view of the case. Here we have before us the positive testimony of the plaintiff that the ten dollars had not been paid, the positive testimony of the defendant that it had. And no other evidence or circumstance to solve the conflict, except such as the defendant sought to derive, and as we may reasonably suppose may have derived, from the entry in his diary, which he persistently offered, and induced the court to receive in evidence against the objection to it on the ground that it was incompetent. We therefore may not conclude that it is clear or probable that no harm came by the erroneous reception of the entry of ,the book in evidence. We may not therefore disregard the error. We must agree with the county judge in the result he reached, and affirm his judgment.

The judgment of the county court of Oswego county, reversing the judgment of the justices' court, is affirmed.

Smith, P. J., and Haight, J., concurred. Judgment of county court of Oswego county affirmed.