CHARLES C. FOLLMER, RESPONDENT, *v.* WILLIAM M. FROM-
MEL, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Pleading — a partnership note — general denial — a defendant may show that the
note was given for an individual debt of one partner — estoppel.*

In an action brought against the firm of Frommel & McKinstry upon a note the com-
plaint alleged that, on September twenty-ninth, the defendants, as copartners, made
and delivered to the plaintiff their note. The answer of Frommel, who alone
defended, was a general denial. Upon the trial it appeared that the part-
nership was formed October first. Evidence was offered by the defendant to
show that the note was given by McKinstry in the firm name for a past-due
indebtedness of McKinstry to the plaintiff, which was excluded.

*Held,* that this evidence was competent under a general denial.

That proof of the execution of the note by McKinstry raised the presumption that
it was firm paper, but that Frommel had a right to rebut that presumption

by showing that it was an act of one partner for his own benefit, and, therefore, not the act of the firm, but in fraud of its rights.

That the fact that, upon the trial of the action before a referee, the defendant procured an adjournment, and obtained an order allowing him to set up as a special defense that McKinstry gave the note for his individual past-due debt, and that thereafter the defendant failed to amend his answer by pleading the defense, did not estop him from urging that the referee erred in excluding evidence of this defense upon the subsequent trial, there being no evidence that the plaintiff had been influenced or injured by the defendant's failure to amend.

APPEAL by the defendant William M. Frommel from a judgment of the Supreme Court, entered in the office of the clerk of Warren county on the 24th day of October, 1891, upon a recovery by the plaintiff of $215.40 and interest, after a trial before a referee.

*J. H. Bain,* for the appellant.

*Charles R. Patterson,* for the respondent.

PUTNAM, J.:

This action is brought against defendants as copartners on a note purporting to be made by the firm, the defendant Frommel only defending.

The plaintiff alleges the copartnership of the defendants, and that they, on or about September 29, 1890, duly made, executed and delivered to the plaintiff the note in suit. The defendant Frommel, in his answer, interposed a general denial. On the trial it was shown that the note, which was executed by the defendant McKinstry, was given for lumber sold September 29, 1890. The partnership was formed on October 1, 1890. The defendant then offered to show that said note was so given by McKinstry in the name of the firm for a past-due indebtedness from McKinstry to plaintiff. This evidence was objected to on the ground that it was inadmissible under the general denial contained in the answer and excluded by the referee. If this proof had been received and made, it would clearly have constituted a defense to the action. The law applicable to such cases, as stated in Parsons on Contracts, is quoted with approval in *Union National Bank* v. *Underhill* (102 N. Y., 340), as follows: "Whenever a party receives from any partner in payment for a debt due from that partner only, whether the debt be created at the time or before existing, or by way of settlement of,

or security for a debt or indebtedness, an obligation of the firm in any form, the presumption of the law is that the partner gives this and the creditor receives it in fraud of the partnership, and has consequently no demand upon them." Hence, had the defendant made the proof offered, the presumption would have arisen that the note was given in fraud of the partnership, and unless the plaintiff could have answered that presumption he must have failed in the action.

The question then arises whether the defendant was entitled to offer such evidence under the general denial contained in his answer. The allegation in the complaint is, that on September 29, 1890, defendants, as copartners, made and delivered to plaintiff their note. Defendant denies this allegation in the complaint. The plaintiff then was bound to show the execution and delivery of the note by the copartners. He shows this presumptively by showing the execution of the firm note by McKinstry, one of the partners. The note being made by a partner in the firm name is presumed, in the first instance, to have been made on account of the firm business. But this is only a presumption. The defendant may controvert such a presumption, and I think can do so under a general denial. The question before the jury was, was the note in suit executed by the firm? To award judgment for the plaintiff the referee must find that it was. The plaintiff must show by competent testimony that the paper was executed by the partnership. How does he show it? By showing the execution by one copartner in the name of the firm, which raises the presumption that it was a firm paper. But the reason that one partner can bind the firm and make contracts in the name of the firm is, that each partner is a general agent of the copartnership in firm business. But, as held in *Farmers and Mechanics' Bank* v. *Butchers and Drovers' Bank* (16 N. Y., 125); and in *The Union National Bank* v. *Underhill* (102 id., 340), while each partner is a general agent of the firm in partnership business, and can bind the firm by making notes in such business, he has no more authority than a mere stranger to make such a note for his own accommodation or for others. Therefore, when the plaintiff rested on the presumption that the note executed by McKinstry in the name of the firm was a partnership note and binding on the firm, the defendant Frommel, under a general denial, could show that

McKinstry gave such note to pay his past-due private debt in fraud of the firm, and that such note was void as to him. The evidence offered, if received, would have shown that McKinstry had no right to sign the firm name to the note in suit, and would have raised the presumption, being given for a private debt of McKinstry to plaintiff, that the latter knew the note was given in fraud of the firm and without authority. Hence the evidence offered was in direct contradiction of the evidence offered by the plaintiff that the note was a firm note.

If McKinstry had been Frommel's agent and, without authority, had executed a contract or made a note in his name, defendant, being sued on such contract or note, under a general denial could have shown that he did not execute or make the contract in suit, and to establish such fact that the agent had no authority to make it in his name. (See *Hier* v. *Grant*, 47 N. Y., 278.)

Under a general denial a defendant must be allowed to controvert by evidence anything plaintiff is bound to show to establish his cause of action. Plaintiff alleges that defendants, as copartners, made the note in suit. Defendant Frommel denies this. Plaintiff must prove that the firm made the note. Frommel can show under his denial that the firm did not make it, because McKinstry, as agent of the firm, had no right to sign the firm name to the note given for his individual debt. (See *Benton* v. *Hatch*, 43 Hun, 146 ; *Griffin* v. *Long Island R. R. Co.*, 101 N. Y., 354 ; 20 Abb. N. C., 342, note ; *Williams* v. *Walbridge*, 3 Wend., 415.)

It is suggested that defendant having on the trial obtained an adjournment in order to procure from the Special Term an order to amend his answer, setting up as a special defense that the note in suit was given by McKinstry in the firm name to pay his individual debt, and having obtained such order, and not having availed himself of it, should be estopped from claiming that the referee erred in excluding the evidence so offered under the general denial.

I am unable to see how an estoppel can exist in this case. The defendant on the trial made a mistake as to the legal effect of his answer. But it is held that a party is never estopped by his admission or assertion of a legal conclusion. (*Brewster* v. *Striker*, 2 Comst., 19.) But, again, an *estoppel in pais* is where an act or omission of a party has influenced another to a line of conduct or

to act in a way prejudicial to his interest, if the party doing such act or making such admission is not prevented from retracting. The cases cited by plaintiff will illustrate this proposition. In this case the defendant proposed to amend his answer and obtained the order of the Special Term allowing him to do so on terms. He did not avail himself of the order, and afterwards appeared before the referee and on the trial claimed, under the general denial, to show the facts excluded as above by the referee. The plaintiff has not acted or been influenced or injured by the proposal of defendant to amend his answer. It does not appear that the plaintiff, in consequence of defendant's procuring the adjournment and obtaining the order to amend, has done any act that he would not have done had such an adjournment not been had or said order not been obtained. Hence it is not a case of an estoppel.

These facts render it unnecessary to consider the question discussed by counsel whether under the general denial the defendant could properly show a want of consideration for the note in suit and also the other questions discussed by the parties.

It is suggested by respondent that the first offer of defendant, even if proper under a general denial, did not propose to prove facts sufficient to constitute a defense, and hence the objections thereto were properly sustained by the referee. As I have endeavored to show under doctrines well settled by the courts, had the evidence offered been given it would have raised the presumption that the defendant McKinstry gave, and plaintiff received, the note in suit in fraud of the partnership, and hence, as to the defendant, that said note was void.

Hence I think the referee erred in sustaining the objections to the offer of defendant, and that the judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

HERRICK, J., concurred ; MAYHAM, P. J., not sitting.

Judgment reversed, referee discharged, new trial granted, costs to abide event.