Titus, C. J.
(dissenting).—I cannot concur with my associate in the conclusion reached by him. But two questions are raised on this appeal. The first relates to the sufficiency of the plaintiff’s proof to authorize the introduction of the plaintiff’s assignor’s books of account in evidence. From the return it appears that Charles Buscher was a plumber, engaged in doing business in this city, and assigned to the plaintiff the account for which this action was brought. It also appears that Buscher had regular dealings with defendant, extending over quite a period of time; that he had no clerk, and made entries in the book himself; that he delivered to the defendant a portion of the goods sold, and rendered some of the services charged; and, from two parties who had settled with him on these books, that they were correct and honest books of account. Upon this last proposition the defendant claims that there was no evidence that any person having an account with Buscher had settled with him from these books. The evidence is confined to the testimony of two witnesses. Witness Deck testifies that he did business with Buscher, and that he settled with him on an account rendered, and that the account was correct. Buscher himself testifies that ho kept an account with Deck in these books, and that a true and exact copy of Deck’s account was made from the books, and that he gave it to him, and on this account Deck settled and paid him the amount. The witness *166 Pries, an employe, whose account was kept in this book, says, in substance, “ he is paid by the week, and his account is kept in the book;' that he has settled with Buscher and received his pay, and at the time of such settlement Buscher looked at the account in the book,” and that it was always correct. This is the only evidence introduced for the purpose of showing that the books of Buscher were honest books of account, and I think it was sufficient, under the rule adopted by the courts, to admit these books of account in evidence. Vosburgh v. Thayer, 12 Johns. 461; Mc-Goldrick v. Traphagen, 88 N. Y. 337.
The question that the action was prematurely brought is now raised for the first time. The written assignment of the account of Buscher to the plainitffs bears date the 25th day of September, and the action was commenced by the service of a summons on the 20th day of the same month, and' the assignment is written on the bill of particulars, but it does not appear to have been read in evidence on the trial. The witness McCracken gives the .only testimony relating to the assignment. After stating that the note and account had been assigned to the plaintiffs, he says he cannot give the exact date; but on being referred to the bill of particulars he says: ‘‘ It was on September 25th evidently having been shown the date thereon written. The defendant expressly admitted the first ten pages of the bill of items,; and did not object to. any of the proof on the ground that the assignment bore the date, or was made subsequent to the commencement, of the action. No motion was made for a nonsuit, or for a direction of a verdict at the close of the case on that account, and, so far as the record ' shows, the counsel who tried the case in the court below did not in any manner raise the question, or call the attention of the court to the fact, and took no objection on that ground during the trial, and I do not think he should be permitted now for the first time to raise a question which, if presented, might have disposed of the case, or he might have had the date corrected to conform with the facts. The case was tried on the assumption that the assignment was made before the commencement of the action, and what was assumed to be a fact by all the parties, upon a matter not affecting the merits of the plaintiff’s demand, should control the court here against the date on the bill of particulars, and a party not having raised the objection should be deemed to have waived it. There is no merit in the point, because it is undisputed that the plaintiff is, and probably at the time of the commencement of the action was, the owner of the account sued upon. The account bears date September 19th, and probably some one thought that a written assignment was necessary, and it was written on the back of the very bill of particulars furnished pursuant to a demand made by the defendant after joining issue in the action. Under the circumstances, and in view of the fact that the parties have assumed, until this appeal was argued, that the assignment was made to the plaintiff before the action was commenced, a reversal of the judgment on that ground would hardly be consistent with that kind of justice mentioned in the Code (section 3063), “that the appellate court must render judgment according to the justice of the case, *167 without regard to technical errors or defects which do not affect the merits.”
I therefore think the judgment should be affirmed, with costs.