(18 App. Div. 25.)

POWELL v. MURPHY.

(Supreme Court, Appellate Division, Second Department: May 11, 1897.)

EVIDENCE—ACCOUNT BOOKS—AUTHENTICATION.
     Account books offered in evidence are not sufficiently authenticated by the testimony of customers of the owner of the books that they had settled bills rendered to them, but had never seen the books, and testimony of the bookkeeper that the bills rendered were correct statements of the accounts in the books.

Appeal from judgment on report of referee.
Action by Henry A. Powell, as assignee for the benefit of creditors of John C. Provost, against John Murphy, to recover $550.55, a balance alleged to be due on an open account between plaintiff's assignor and defendant. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.
Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. T. Payne, for appellant.
James C. Foley, for respondent.

CULLEN, J.   We feel constrained to reverse this judgment.   The action was to recover for goods sold and delivered by the plaintiff's assignor, now deceased.   The books of the assignor were admitted in evidence, and the claim against defendant was practically established by those books alone.   The books were not admissible in evidence as merchant's accounts, because there was no sufficient proof that any witness had settled by those books.   The witnesses testified that they had settled by bills rendered to them by the plaintiff's assignor, but had never seen the books of account themselves.   The bookkeeper of the assignor testified that the bills rendered were correct statements from the accounts in the books.   If it were an original question, I should be inclined to the opinion that this evidence rendered the books admissible in evidence, but the reverse seems settled by authority.   In McGoldrick v. Traphagen, 88 N. Y. 334, similar proof of settlement by customers was given.   Of this Judge Miller says: "The evidence of those who had settled from copies from the books which were produced does not strictly comply with the rule."   In Beatty v. Clark, 44 Hun, 126, evidence of a witness that he had settled with the plaintiff in accordance with bills rendered, but who had never seen the books himself, was held insufficient to render the books of account admissible.   In Walbridge v. Simon, 13 Misc. Rep. 634, 34 N. Y. Supp. 939, Judge Hatch said: "So far as Deck's testimony is concerned, it only showed that upon one occasion Buscher presented him with a bill, which he found correct, and which he paid.   But it is not pretended that he saw the books, or settled from them, and they were not present when the bill was presented and paid.   Testimony of this character was pointedly condemned in Beatty v. Clark, 44 Hun, 126."   Nor does the case show the correctness of the books of account sufficiently to make them admissible in evidence in lieu of the personal recollection of the witness.   The entries in the books were made by the witness, and in his handwriting. He testifies that he had the tickets for the goods sold returned by the drivers, and compared the tickets with the order in the order book before he made the entry in the sales book.   Had the plaintiff gone further, and shown by the drivers that in every case where they returned tickets to the bookkeeper the goods represented by those tickets had been actually delivered to the parties named therein, or that the witness was personally familiar with the signature of the defendant, and charged him in the books only with goods for which there were returned tickets, signed by the defendant, then, on proof of the loss or destruction of the original tickets, we think the books would have been competent evidence to prove the delivery of the articles for which the defendant was sought to be made liable.   The value of the goods could then have been proved by independent testimony.   But, in the absence of such proof, we think there was no sufficient evidence of the delivery to the defendant of the goods charged against him, with the exception of two or three items, for which tickets were produced.

The judgment appealed from must be reversed, and a new trial granted before a new referee to be appointed at special term; costs to abide the event.   All concur.