(31 Misc. Rep. 271.)

## TEXTILE PUB. CO. v. SMITH.

(Supreme Court, Appellate Term.   April 16, 1900.)

1. BOOK OF ACCOUNT—SECONDARY EVIDENCE.

Where it appears that a witness who was plaintiff's superintendent had an independent recollection of all the facts necessary to charge defendant with the price of certain work performed by plaintiff, entries in plaintiff's book of account, made by the witness, charging defendant with such work, are not admissible as secondary evidence, the defendant not knowing of, or consenting to, such entries.

2. SAME—CREDIT—EVIDENCE.

Entries in plaintiff's book of account charging defendant with the price of certain work performed by plaintiff are not admissible in plaintiff's behalf to show that credit was given to defendant, and not to a third person, to whom defendant claimed he had given the order for the work.

3. SAME—TRADESMEN'S BOOKS—RULE.

Entries in plaintiff's book of account, charging defendant with the price of certain work performed by plaintiff, are not admissible under the rule permitting the books of tradesmen to be received in evidence, in the absence of proof that any person with whom plaintiff had dealt made a settlement on the basis of its books.

4. SAME—ADMISSIBILITY.

The fact that plaintiff's book of account was produced at the trial at defendant's request, and that entries therein showing certain charges against a third person were sought to be introduced by defendant, being excluded on plaintiff's objection, defendant claiming that the order for the work sued for was given by him to such third person, and not to plaintiff, does not render admissible in plaintiff's behalf certain other entries in such book charging the work to defendant.

5. EVIDENCE—INCOMPETENCY—ADMISSION.

Where it cannot fairly be said that the plaintiff's case was so conclusively proved by competent evidence that it would have been error for the jury not to have found in its favor, the admission of incompetent evidence in its behalf cannot be held harmless.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Textile Publishing Company against F. De Lysle Smith. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

F. De Lysle Smith, in pro. per.

P. Q. & F. L. Eckerson, for respondent.

GIEGERICH, J.   The action is to recover $135 for printing 300 college class pamphlets, and $15 for extra labor caused by alterations thereof, making in all the sum of $150.   The answer was a general denial, and the real issue in the case was whether or not the work was performed by the plaintiff at this defendant's order and upon his credit.   Two entries in the plaintiff's job or shop book, showing that the printing of the pamphlets, and extra labor connected therewith, respectively, were charged against the defendant, were admitted in evidence against his objection and exception. These entries were made by the plaintiff's superintendent, who testified that before the delivery of the pamphlets in suit he made out

a so-called "charge ticket," containing a brief description of the nature of the work performed, the price charged therefor, and the name of the person for whom the job was done; that he also prepared a similar ticket for the extra work; that he made an entry of both items in the aforementioned book, from which the book-keeper made entries into other books; and that the original tickets were "thrown away." When such items were received in evidence, the witness had already given testimony to the effect that he had a conversation with the defendant, in the course of which he stated that he represented the plaintiff, and in its behalf gave to the defendant an estimate of the price at which the plaintiff would perform the work in suit; that subsequently an order for the printing of the pamphlets upon the terms offered by the plaintiff was received by the witness from the defendant, and accepted by the plaintiff; that the work sued for was performed by the plaintiff at the request of the defendant, and upon the latter's promise to pay therefor.

It thus appears that the witness had a distinct recollection of all the facts, independent of the entries; hence there was no necessity for the secondary evidence, and, as it was not shown that the defendant knew of or consented to the making of such entries, they were therefore improperly admitted. Bank v. Culver, 2 Hill, 531, 535; Burke v. Wolfe, 38 N. Y. Super. Ct. 263, 271; Collins v. Rockwood, 64 How. Prac. 57, 62; Bank v. Madden, 114 N. Y. 280, 285, 21 N. E. 408; People v. McLaughlin, 150 N. Y. 365, 392, 44 N. E. 1017.

Neither were the entries alluded to competent evidence in plaintiff's own favor for the purpose of showing that the credit was given to the defendant, and not to the firm of Straeffer & Siedenburg, to whom the defendant claims he gave the order for the work in question (Moore v. Meacham, 10 N. Y. 207; Peck v. Von Keller, 76 N. Y. 604; Paine v. Ronan, 6 N. Y. St. Rep. 420; Field v. Thompson, 119 Mass. 151; Kaiser v. Alexander, 144 Mass. 71, 12 N. E. 209); nor were they admissible even under the rule permitting the book of a tradesman to be received in evidence, in the absence of proof, among other things, that any person with whom the plaintiff had dealt made a settlement upon the basis of its books (McGoldrick v. Traphagen, 88 N. Y. 337; Beatty v. Clark, 44 Hun, 126; Walbridge v. Simon, 13 Misc. Rep. 634, 34 N. Y. Supp. 939; Powell v. Murphy, 18 App. Div. 25, 45 N. Y. Supp. 374).

The ruling permitting such entries to be read in evidence is sought to be upheld, however, on the ground that the defendant opened the door for their introduction by questioning, upon cross-examination, the plaintiff's cashier and assistant secretary in regard to certain items in plaintiff's job or shop book, for work performed for the said firm of Straeffer & Siedenburg. But the return shows that, when the entries under discussion were admitted, the witness had given testimony as to only one item charged against the said firm; the particulars as to the remainder of the items having been excluded upon the plaintiff's objection that the book containing them was the best evidence. When, however, such items were subsequently offered, they were excluded upon the plaintiff's

objection that the witness did not make them, and that he was not familiar with the facts relating thereto.

The book in question was produced at the trial by the plaintiff, in compliance with the defendant's request, and, as it was admissible against the former (Abb. Tr. Ev. p. 302), the entries of the said items made therein should have been received in evidence. However, as we have seen, the plaintiff objected thereto, and, under the circumstances, it was not justified in putting in evidence the entries charging the defendant for the work in controversy.

It may be argued that other evidence was adduced upon the trial which tended to establish the plaintiff's case. The return discloses a sharp conflict of testimony with respect to the main question contested upon the trial, and, while there was sufficient competent evidence presented in plaintiff's behalf to have warranted the determination of the issues in its favor, yet it cannot fairly be said, after a careful perusal of the voluminous record, that the plaintiff's case was so conclusively proved by other competent evidence that not to have found in its favor would have been error. Baylies, New Trials, p. 451, and cases cited. Therefore the error in admitting the items referred to cannot be viewed as harmless, and so disregarded. Main v. Eagle, 1 E. D. Smith, 619; Hahn v. Van Doren, Id. 411; Decker v. Myers, 31 How. Prac. 372.

Entertaining these views, it follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.