CULLINAN, State Excise Com'r, v. MONCRIEF et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. EVIDENCE — MEMORANDA AS INDEPENDENT EVIDENCE — CASH-REGISTER RECORDS.

Where, in an action on a druggist's bond for selling liquor contrary to law, defendant denied selling the liquor on the days charged, and testified that he remembered the occurrences of the days distinctly, the records of his cash register on the days in question, tending to sustain his contention that no sales were made as claimed, were inadmissible; they not being books of account, and not memoranda offered while defendant was testifying, but as independent, affirmative evidence.

Appeal from Trial Term, Rensselaer County.

Action by Patrick W. Cullinan, as state commissioner of excise, against Robert F. Moncrief and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Albert O. Briggs (S. B. Mead, of counsel), for appellant.
Lewis E. Griffith, for respondents Moncrief & Francis.

CHASE, J. The defendants Moncrief & Francis are druggists, and for more than 17 years have been engaged in a retail drug business at No. 77 Congress street, Troy. They duly made application for a liquor tax certificate, and on July 2, 1901, obtained a certificate to traffic in liquors under subdivision 3 of section 11 of the liquor

tax law (chapter 112, p. 53, Laws 1896, as amended by chapter 312, p. 207, Laws 1897; chapter 367, p. 848, Laws 1900; chapter 640, p. 1532, Laws 1901). A bond was given by them, conditioned, among other things, that they would not violate any of the provisions of said law. The defendant the Fidelity & Deposit Company of Maryland was the surety on said bond. The plaintiff claims that the condition of said bond was violated on the 22d and 24th days of January, 1902, and this action is brought to recover the penalty of said bond. On the trial of the action, one F., who is a special agent of the excise department, testified that on said 24th day of January, at 12:30 p. m., he purchased of the defendant Moncrief at said place a half pint of brandy, without the written prescription of a regularly licensed physician, and paid him 75 cents therefor; and three other special agents of said department testified that they were present at said sale, and that the sale was made as testified by said F., The said witnesses for the plaintiff did not see Francis in said store January 24th. Moncrief denied that he sold F. any brandy. Francis testified that the particular shape of bottle in which F. testified that the brandy was delivered to him had not for several years been used in said store. Moncrief also testified that he was not in the store at 12:30 p. m. January 24th, and that his reason for so testifying was that he invariably left the store for his dinner at or prior to 12 o'clock, and that he did not return until, or after, 1 o'clock. He was cross-examined in relation to the time when he left the store, and testified:

"I have a cash system by which I tell whether I was in the store or not. 'A' is my letter. Anything charged that day, and 'A' is opposite it, is me. If it is 'B,' it is my partner. Those entries were made in the cashbook. The cashbook is in the store. I didn't bring it because I wasn't told to. I will bring it after dinner if the court says so. The cashbook would not show if any entries were made between the hours of twelve and one."

After an intermission the defendant Francis was sworn, and testified that they used a cash register in January, 1902, and, continuing, testified:

"We press the amount of their purchase, and press the number of the clerk, and turn the crank, and it registers on a detailed slip inside. At the end of the day we take them off and put on a fresh one, and we have the record that goes on in the store all day long. These sales are distinguished by each having a letter. Mr. Moncrief is 'A,' and I am 'B.' We press 'A' for Moncrief, and then the amount purchased, and turn a crank, and it prints a detailed slip inside. We file the slips used—put them in an envelope and date them, and put them away. I keep account of that. I do it in the morning the first thing. * * * When a customer buys more than one article, we put down the total amount of the purchase."

He further testified:

"The machine was in good working order, and registered correctly. * * * This machine has been used six years, and continues to account correctly. We had no clerk in our store at this time. * * * We enter on the cash register a charge made. We make every transaction that goes in the store a record of on that slip. It goes through the cash register."

He also testified:

"We keep a cashbook. I have not compared the cashbook with these slips. I simply brought them because the cashbook and they will agree. It would take a short time to get the cashbook here. I will not send over

and get it, because I think these slips are enough. That is the only reason I won't do it. I think that is evidence enough. My counsel did not tell me to bring the cashbook."

The witness F. had also testified that he purchased a half pint of brandy of Moncrief in said store on January 22d. The entries in the cash register are made on narrow pieces of paper, called "slips." The slips from the cash register which had been indorsed January 22d and January 24th were offered in evidence, and the plaintiff objected to their being received in evidence on the ground that they were immaterial, incompetent, and no proof of anything in the case. The objections were overruled, and the plaintiff was given an exception. The witness F. testified that at the time he purchased the brandy he also purchased another article, the price of which was 21 cents, and that he paid to Moncrief for the brandy and the article so purchased the sum of 96 cents. The slip indorsed January 24th does not contain an item of 96 cents. This slip was used before the jury as proof that the plaintiff's witnesses were mistaken or untruthful in saying that F. paid Moncrief 96 cents on said day in January. The only claim made by the plaintiff is that the brandy was sold to F. by Moncrief in the absence of Francis. There is not a word of testimony by Moncrief in any way relating to a cash register, unless it is in that part of his testimony hereinbefore quoted. He did not testify that he entered in the cash register the proceeds of any or all sales made by him on the days mentioned. Neither did he testify, nor is there any evidence, that the cash on hand at the close of the day balanced with the total of the items on the slip in the cash register. There is a total failure of evidence to establish the correctness of the items on the slip, so far as the transaction in question is concerned.

We are also of the opinion that the slips from the cash register should not have been received in evidence even if Moncrief had testified that he correctly entered in the cash register the proceeds of all sales made by him on the days mentioned. These slips from the cash register are not books of account, but memoranda made by a party in his own interest. Moncrief did not require the memoranda to aid his recollection. The memoranda were not offered or received in evidence while Moncrief was giving his testimony. They were received at a subsequent session of the court as independent, affirmative evidence in favor of the defendants. Moncrief claimed to have a clear, positive, and distinct recollection as to the occurrences in his store on the days in question, and he testified that F. did not purchase brandy there as alleged. The rule in regard to the admission of original entries as evidence is stated in National Ulster County Bank v. Madden, 114 N. Y. 280, 21 N. E. 408, 11 Am. St. Rep. 633, as follows:

"Original entries made by a witness are admissible as auxiliary to his evidence only when he is unable to distinctly recollect the fact without the aid of it. This proposition seems well settled in this state by a current of authorities for the last fifty years, which now requires adherence to it unless it may be seen that it works unjustly upon the rights of the parties. The rule which renders such entries admissible rests upon the principle of necessity for the reception of secondary evidence, and is not applicable where the witness has a distinct recollection of the essential facts to which they relate.

The primary common-law proof is then furnished, and the necessity for evidence of the lesser degree does not arise. And this right so qualified to introduce such secondary evidence is the better rule, in view of the opportunity which otherwise might exist to superadd a written memorandum to the evidence of a witness, which it cannot be said might not some time be improperly made available to strengthen his testimony with a court or jury, and such may be within reasonable apprehension until the moral infirmity of human nature becomes exceptionally less than it yet has."

The court in People v. McLoughlin, 150 N. Y. 365, 44 N. E. 1017, say:

"An original entry or memorandum made by a witness at the time of a transaction is admissible in evidence as auxiliary to his testimony only when without its aid he is unable to distinctly recollect the fact to which it relates. The evidence is admitted only as a matter of necessity. Where the witness has a distinct recollection of the essential facts to which the entry relates, so that primary common-law proof may be furnished, the necessity for secondary evidence does not arise, and it is incompetent."

The receipt of such slips as evidence was error, for which the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.