### ROSENBERG v. KLEIN.

(Supreme Court, Appellate Term. May 5, 1904.)

1. EVIDENCE—MEMORANDUM.

Where, on an issue as to the delivery of certain silk, a witness testified positively to the facts contained in an entry made by him in a book at the time the silk was returned, and there was no contention that a reference to the book was necessary to refresh the witness' recollection as to the facts, the introduction of the entry in evidence was erroneous, though it was an original memorandum.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Myer Rosenberg against Philip H. Klein. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Cohen & Cohen, for appellant.
Aaron Morris, for respondent.

FREEDMAN, P. J.  This action was brought by plaintiff to recover
the value of two pieces of silk sold to the defendant by the firm of
Spielman & Co., assignors of one Rosenfield, the assignor of plaintiff
The delivery of four pieces of silk was admitted by the defendant, but
he claimed that he had returned them to Spielman & Co. on or about
the day of the purchase, and the only question at issue between the par-
ties is whether all four or only two pieces of the silk were returned.
On the trial, one Just, a witness called by the plaintiff, testified that at
the time the silk was claimed to have been returned by the defendant
he was in the employ of Spielman & Co., that he remembered the re-
turn of a package received by his employers from the defendant, that
he opened the package, and that it contained but two pieces of silk.  The
package evidently was the one in which the defendant claimed he had
returned the four pieces of silk purchased by him.  The witness was
then allowed to testify, over the objection of the defendant, that he
made an entry in a book of the return of two pieces of silk; and the
book containing such entry was offered and received in evidence, to
which the defendant also objected.  The witness testified fully and posi-
tively to the facts contained in the entry made by him, and the entry
contained no more than the facts embodied in his testimony; and he
evinced no lack of memory regarding the facts stated by him, nor was
it intimated that his memory was at fault.  Although the entry in such
a book was undoubtedly an original memorandum, nevertheless there
was no reason or necessity for resorting to it, and it does not appear that
the defendant had any knowledge of such entry; and it did appear that
the witness remembered all the facts contained therein, and to which
the entry had reference.  It was error to permit such entry to be in-
troduced in evidence under the circumstances disclosed herein.  Textile
Pub. Co. v. Smith, 31 Misc. Rep. 271, 64 N. Y. Supp. 123; National
Ulster Co. Bank v. Madden, 114 N. Y. 280, 285, 21 N. E. 408, 11 Am.
St. Rep. 633; Cullman v. Moncrief, 90 App. Div. 538, 541; Driggs v.
Smith, 36 N. Y. Super. Ct. 283.  The case was sharply litigated, and the
testimony pretty evenly balanced.  It was tried by a jury, and we can-
not say that the error in so admitting the book entry was not prejudicial
to the defendant's interest.  The book was taken into the jury room, and
presumably examined, and we cannot regard the admission of this book
in evidence as harmless.

Judgment reversed.  New trial ordered, with costs to the appellant
to abide the event.  All concur.