BENJAMIN SHMARGON, Respondent, *v.* LOUIS ROSENSTEIN, Appellant.

Third Department, May 17, 1920.

**Evidence — action to recover on store account — admissibility of entries made in day book and ledger — failure of preliminary proof — books not admissible under shop-book rule — account stated not shown.**

Entries made in a day book and ledger from sales slips on which it was the practice of the plaintiff and his clerks to note sales and deliveries made, are only admissible as memoranda of past recollection after it is shown that the clerks made the correct entries of sales, that they at the time had knowledge of the sales and deliveries made, and that they no longer remembered the transactions recorded.

And as no proof was offered by the plaintiff that the clerks who made the sales reported them correctly to the clerks who made the entries, and that the entries were then correctly made in the regular course of business, none of the entries were admissible under the memoranda rule which permits the introduction of entries reported but unknown to the entrant.

As two of the clerks who made a part of the sales on which the action is based were not produced at the trial and were not dead or without the jurisdiction, the entries made by them did not fall within the rule relating to regular entries and were not admissible.

The failure of the plaintiff to call the two clerks who were within the jurisdiction and exhaust their knowledge as to the transactions recorded prevented the introduction of plaintiff's books under the shop-book exception to the hearsay rule.

The plaintiff could not recover as on an account stated because the statements introduced in evidence did not cover the entire account, and as the defendant denied that he agreed that the statements delivered to him were correct the books of account were material to prove the case of the defendant.

Kiley, J., and John M. Kellogg, P. J., dissent, with memorandum.

Appeal by the defendant, Louis Rosenstein, from a judgment of the County Court of Sullivan county in favor of the plaintiff, entered in the office of the clerk of said county on the 8th day of February, 1919, upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial made upon the minutes.

*John D. Lyons* [*Nellie Childs Smith* with him on the brief], for the appellant.

*Ellsworth Baker* [*Isadore Rothenberg* with him on the brief], for the respondent.

H. T. Kellogg, J.:

The plaintiff was a storekeeper dealing in groceries and meats. The defendant was the proprietor of a boarding house. During the summer of the year 1918 the plaintiff at various times sold the defendant supplies from his store. The defendant failed to make payment in full and the plaintiff brought this action to recover the balance due. In order to prove his claim the plaintiff introduced his books of account in evidence. These consisted of day books and ledgers, the entries in which were regularly made from sales slips upon which it was the practice of the plaintiff and his clerks to note sales and deliveries as made. The plaintiff kept three clerks, all of whom made entries in the day books and ledgers. Proof was given by customers of the plaintiff that they had settled with him on the basis of his books and had found them to be correct. Goods sold to the defendant were delivered at the store of the plaintiff or at the residence of the defendant, but deliveries of only a portion of the goods sold were shown. The plaintiff recovered a judgment from which the defendant appeals,

assigning as error the admission in evidence of the account books of the plaintiff.

Two of the clerks employed by the plaintiff were not produced upon the trial.   Proof was, therefore, lacking that these clerks made correct entries of sales; that they at the time had knowledge of the sales and deliveries made; that they no longer remembered the transactions recorded.   Consequently, entries made by them were not receivable as they otherwise would have been as *memoranda* of past recollection.   (*Merrill v. Ithaca & Owego R. R. Co.*, 16 Wend. 586; *Cole* v. *Jessup*, 10 N. Y. 96; *Halsey* v. *Sinsebaugh*, 15 id. 485; *Guy* v. *Mead*, 22 id. 462; *Marcly* v. *Shults*, 29 id. 346; *Gilbert* v. *Sage*, 57 id. 639; *Flood* v. *Mitchell*, 68 id. 507.)   No proof was given that the clerks who made the sales correctly reported them to the clerks who made the entries, and that the entries were then correctly made in the regular course of business.   Therefore, none of the entries made by any of the clerks fell within the *memoranda* rule as extended by the later cases to cover facts reported but unknown to the entrants.   (*Mayor, etc.*, v. *Second Ave. R. R. Co.*, 102 N. Y. 572; *Clark* v. *Nat. Shoe & Leather Bank*, 164 id. 498; *Krom* v. *Levy*, 1 Hun, 171; *Payne* v. *Hodge*, 7 id. 612; *Shear* v. *Van Dyke*, 10 id. 528; *Powell* v. *Murphy*, 18 App. Div. 25.)   The two clerks who were not produced were not dead nor without the jurisdiction, so that the entries made by them did not fall within the rule relating to *regular entries*.   (*Halliday* v. *Martinet*, 20 Johns. 168; *Nichols* v. *Goldsmith*, 7 Wend. 160; *Sheldon* v. *Benham*, 4 Hill, 129; *Livingston* v. *Arnoux*, 56 N. Y. 507; *Ocean Nat. Bank of N. Y. City* v. *Carll*, 55 id. 440.)   The plaintiff having proved by several customers that they had made settlements with him upon the basis of his books and had found them to be correct, that the books produced were his books of account, that some of the articles charged for were delivered, asserts that the books were receivable, under the rule enunciated in the case of *Vosburgh* v. *Thayer* (12 Johns. 461), as the *shop books* of a party.

The *shop-book* exception to the hearsay rule owed its origin to a necessity created by the unavailability of a party as a witness.   (Wig. Ev. § 1536.)   At the time of its introduction a party was not only disqualified from testifying in his own

behalf to facts known by him, but he was not even permitted to take a " suppletory " oath to verify the correctness of. the accounts which he kept. (*Sickles* v. *Mather,* 20 Wend. 72.) The exception was confined strictly to cases where a party " kept no clerk." (*Case* v. *Potter,* 8 Johns. 211; *Vosburgh* v. *Thayer, supra; Linnell* v. *Sutherland,* 11 Wend. 569; *Sickles* v. *Mather, supra.*) It was " founded upon a supposed necessity and was intended for cases of small traders who kept no clerks." (*Smith* v. *Rentz,* 131 N. Y. 169.) It was said in *Matter of McGoldrick* v. *Traphagen* (88 N. Y. 334): " The clerk intended was one who had something to do with and had knowledge generally of the business of his employer in reference to goods sold or work done, so that he could testify on that subject." This statement was repeated and approved in *Smith* v. *Smith* (163 N. Y. 168). The condition imposed as thus interpreted was, therefore, neither arbitrary nor technical. If the party kept a clerk, who knew the facts or could verify the accounts . as correct entries, direct testimony was available, so that no necessity arose to justify the use of the secondary evidence of the writings of the disqualified party. In the case of a small trader having not more than one employee, the " no-clerk " condition as interpreted by the *McGoldrick* decision presents no difficulty. The case which now frequently arises is that of an employer having a number of employees, each of whom has knowledge *specially* of a part of the business of his employer, none of whom has knowledge " generally " of that business as a whole. In such a case does a party employ no " clerk," so that his books are arbitrarily receivable, in spite of the fact that in reference to many of the items recorded an employee might give direct testimony? Or is such an employee a " clerk " within the meaning of the condition, because his knowledge in reference to particular items is to that extent *general*, so that the books are wholly inadmissible? It seems to me that neither result need follow. Having regard for the principle of necessity, which gave rise to the *shop-book* exception and restricted its use to cases where direct testimony was unavailable, the rule must be that, in all cases of the character assumed, the books are receivable, provided the knowledge of the clerks, as to a part of the transactions recorded or as to the correctness of some

of the entries, if available, is first exhausted. This appears to have been the method employed in the *McGoldrick* and *Smith* cases. There the plaintiffs had several bookkeepers or other clerks; yet, although their books were received as *shop books*, not only were the clerks sworn but the plaintiffs themselves gave testimony as to the facts known to them, or as to the correctness of entries made under their supervision. It seems to me that the same course should have been followed here and that the failure of the plaintiff to call the two clerks and exhaust their knowledge was fatal to the use of his books under the *shop-book* exception. It is claimed that the error in admitting the books was not material for the reason that statements of the account between the parties were delivered to the defendant and agreed by him to be correct. The argument is faulty for two reasons: *First,* because the statements introduced in evidence did not cover the entire account; and, *second,* because the defendant denied that he agreed that the statements were correct. The books were, therefore, vital to establish the account and their admission was error of such importance as to call for a reversal.

The judgment and order should be reversed, with costs.

All concur, except KILEY, J., dissenting with a memorandum, in which JOHN M. KELLOGG, P. J., concurs.

KILEY, J. (dissenting):

I am satisfied within the meaning of the shop-book rule that the plaintiff kept no clerk, and the books were, therefore, properly received. If this is not so we should hold under the liberal practice required under section 1317 of the Code of Civil Procedure that the error, in view of the purchase slips and weekly slips delivered to the defendant, was a technical one only, and did not affect the substantial rights of the parties. I, therefore, dissent.

JOHN M. KELLOGG, P. J., concurs.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.